IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA

Austin-Andrew Goodman, The Living Man, Private Beneficiary

Plaintiff

v.

**RECEIVED**

**DEC 0 6 2024**

United States District Court
Northern District of Iowa

Defendants:
THOMAS JOSEPH GOODMAN;
CHRISTOPHER AARON MILLER;
GOVERNOR KIM REYNOLDS;
STATE OF IOWA;
IOWA DISTRICT COURT FOR DUBUQUE COUNTY;
DUBUQUE COUNTY;
CITY OF DUBUQUE;
SHERIFF OF DUBUQUE COUNTY;
CITY OF DUBUQUE POLICE DEPARTMENT;
MERCYONE;
IOWA DEPARTMENT OF HEALTH & HUMAN SERVICES;
MEDICAL ASSOCIATES;
DR. ADIB KASSAS, MD;
CATHERINE ANNE GOODMAN;
FLINT DRAKE;
DANIEL DLOUHY;
DAVID ALPORT;
SHELLI HAYES;
MARY BETH FLEMING;
NATALIA BLASKOVICH;
ROBERT RICHTER;
MICHAEL SHUBATT;
JOSHUA VANDERPLOEG
NANCY FISCHER;
DUBUQUE COUNTY ATTORNEYS' OFFICE;
UHCC, INC., d/b/a BRIDGE CITY COLLECTIVE;
CAPRA BANK;
JOHN DOES 1-10;
JANE DOES 1-10.

COMPLAINT:

COURT CASES FOR REFERENCE:

01311 LACV116503, 01311 SRCR157326, 01311 SMCR154315, 01311 MHMH023584, 01311 MHMH023585

## PREAMBLE

This complaint arises from a deeply troubling and systematic pattern of coordinated misconduct, unlawful activities, and abuse of power perpetrated by the named Defendants. The allegations outlined herein include grave violations of constitutional rights, retaliatory actions against whistleblowing, fraudulent medical practices, and egregious abuses of public trust and resources. The seriousness of these allegations cannot be understated, as they strike at the core of the principles upon which both federal and state legal systems are founded: justice, equity, and the rule of law.

The Plaintiff brings this case to address the systemic harms caused by the Defendants' who worked in concert of action and to confront specific betrayals and unlawful conduct:

1. The Plaintiff was subjected to retaliatory actions by **CHRISTOPHER AARON MILLER**, whose professional relationship devolved into a campaign of intimidation and coercion after the Plaintiff exposed financial improprieties and unethical practices. These actions were part of a broader conspiracy to silence dissent and perpetuate anti-competitive practices.

   Mr. Miller is the landlord for **Iowa Department of Health & Human Services** (the agency that regulates Iowa cannabis), he is the real estate partner for Illinois Dispensary **UHCC, INC. d/b/a Bridge City Collective** in East Dubuque, IL, and has additionally agreed to be an investor in the operations. He is also the beneficiary of millions of dollars in Federal, State, and Local public funding intended for redevelopment projects. The Plaintiff has first-hand knowledge of misappropriation, commingling, and other financial improprieties involving Mr. Miller.

2. The Plaintiff endured fraudulent and malicious actions by **THOMAS JOSEPH GOODMAN** and **CATHERINE ANNE GOODMAN**, who conspired with other Defendants to weaponize the legal and medical systems against him. This included fraudulent diagnoses and involuntary confinement to suppress the Plaintiff's rights and credibility.

3. The Defendants engaged in coordinated efforts to forcibly medicate the Plaintiff without informed consent, in violation of bodily autonomy and established legal safeguards. These coercive actions reflect systemic corruption and abuse, warranting comprehensive judicial and law enforcement responses.

Together, these betrayals and violations highlight a deliberate effort by the Defendants to silence whistleblowers, suppress religious and constitutional freedoms, and protect entrenched interests at the expense of justice and individual rights. This case seeks to bring accountability to these unlawful actions and to uphold the principles of justice, fairness, and the rule of law.

**JURISDICTION AND VENUE**

1. **Jurisdiction**: This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 and § 1985 (civil rights violations).
2. **Venue**: Venue is proper in the Northern District of Iowa under 28 U.S.C. § 1391(b) as the events giving rise to this action occurred in this district.

**PARTIES**

1. **Plaintiff**: Austin-Andrew: Goodman, The Living Man, Private Beneficiary, a whistleblower and advocate for justice and constitutional freedoms.
2. **Defendants**: Named entities and individuals, including government officials, judicial officers, private individuals, and corporations involved in the allegations herein.

**Enumerated Counts**

**Count I:** Violation of Fourth Amendment Rights – Unlawful Search and Seizure

**Count II:** Assault with a Deadly Weapon – Pharmaceutical Coercion

**Count III:** Violation of First Amendment Rights – Retaliation and Suppression of Free Speech and Religious Freedom

**Count IV:** Violation of 42 U.S.C. § 1983 – Deprivation of Rights Under Color of State Law

**Count V:** Violation of 42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights

**Count VI:** Violation of RICO Act (18 U.S.C. § 1962)

**CLAIMS FOR RELIEF**

**Count I: Violation of Fourth Amendment Rights – Unlawful Search and Seizure**

1. Plaintiff's Fourth Amendment rights were violated on October 31, 2024, when a raid was conducted at Plaintiff's domicile by the **DUBUQUE POLICE DEPARTMENT** while Plaintiff was unlawfully detained at **MercyOne** Hospital.
2. Plaintiff's detention was based on fabricated allegations, and the subsequent raid occurred without proper legal procedures, compounding the violation of Plaintiff's constitutional rights.
3. The **DUBUQUE POLICE DEPARTMENT** failed to serve warrants as required by law prior to the search, denying Plaintiff the constitutional guarantee of due process.
4. The **DUBUQUE POLICE DEPARTMENT** failed to leave a receipt detailing the items seized during the search, in direct violation of the Fourth Amendment and procedural safeguards.
5. The search and subsequent seizure were conducted based on suspicion rather than verifiable facts, disregarding the legal standard of probable cause.

6. Defendant **THOMAS JOSEPH GOODMAN** provided perjurious statements to initiate Plaintiff's involuntary confinement, violating Fourth and Fourteenth Amendment protections.

## Count II: Assault with a Deadly Weapon – Pharmaceutical Coercion

1. Plaintiff was subjected to forced administration of harmful pharmaceuticals without consent during his unlawful confinement.
2. Defendant **DANIEL DLOUHY'S** was assigned as counsel, Plaintiff did not consent to representation, Defendant's failed legal representation enabled the court's coercive measures, violating Plaintiff's due process rights.
3. The court ignored Plaintiff's refusal to participate in proceedings, imposing baseless diagnoses of "Bipolar Disorder" and "Cannabis-Use Disorder."
4. Plaintiff documented his discomfort and negative reaction to the pharmaceutical coercion. **DR. ADIB KASSAS MD**, ignored Plaintiff and continued to drug him.

Supporting Law:

**18 U.S. Code § 113(a)(3): Assault with a deadly weapon**
**18 U.S. Code § 242: Deprivation of Rights Under Color of Law**
**42 U.S. Code § 1983: Civil Action for Deprivation of Rights**
**18 U.S. Code § 242: Deprivation of Rights Under Color of Law**
**18 U.S. Code § 371: Conspiracy to Defraud the United States**

## Count III: Violation of First Amendment Rights - Retaliation and Suppression of Free Speech and Religious Freedom

1. Plaintiff's whistleblowing activities exposed corruption and misconduct by Defendant **CHRISTOPHER AARON MILLER** and others.
2. Defendants retaliated through civil and criminal charges, suppression of religious practices, and selective enforcement of laws.
3. Plaintiff's religious use of cannabis, rooted in spiritual and biblical traditions, was criminalized in violation of the First Amendment and Religious Freedom Restoration Act (RFRA).
4. Mr. Miller's civil defamation suit, involuntary commitment, and criminal charges were all brought against Plaintiff for whistleblower suppression.

## Count IV: Violation of 42 U.S.C. § 1983 – Deprivation of Rights Under Color of State Law

1. Defendants acted under color of state law to violate Plaintiff's constitutional rights, including:
   o **First Amendment** (free speech and religious freedom).
   o **Fourth Amendment** (protection against unlawful seizures).
   o **Fourteenth Amendment** (due process and equal protection).
2. State actors and private parties coordinated to infringe upon Plaintiff's federally protected rights, including selective enforcement of cannabis laws.

## Count V: Violation of 42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights

1. Defendants conspired to retaliate against Plaintiff for whistleblowing, suppress his religious freedoms, and deprive him of constitutional rights.
2. This conspiracy involved fabricating allegations, initiating false charges, and weaponizing judicial and law enforcement systems against Plaintiff.
3. Defendants acted to silence Plaintiff's advocacy and religious practices through coordinated and retaliatory measures.

## Count VI: Violation of RICO Act (18 U.S.C. § 1962)

1. Defendants engaged in a pattern of racketeering activity, including fraud, coercion, and retaliation, to further their schemes against the Plaintiff.
2. Defendant **CHRISTOPHER AARON MILLER**, leveraging his roles in public and private sectors, orchestrated misappropriation of funds, suppression of whistleblowing, and use of intimidation to silence Plaintiff.
3. Defendants collaborated to falsify allegations, weaponize judicial processes, and interfere with Plaintiff's lawful business and religious practices to protect their financial and personal interests.
4. The enterprise extended beyond the individual Defendants, incorporating state actors and private entities, forming an organized system of fraud and corruption designed to deprive Plaintiff of his rights and property.
5. Acts of racketeering include:
   o Fraudulent medical practices and forced administration of pharmaceuticals.
   o Retaliatory actions against whistleblowing activities.
   o Conspiracies to suppress religious freedoms.
   o Misappropriation and misuse of public funds.

Supporting Law:

**18 U.S.C. § 1962**: Prohibits any person associated with an enterprise engaged in interstate commerce from participating in racketeering activities. Predicate acts include wire fraud, mail fraud, obstruction of justice, and witness and evidence tampering.

Evidence:

1. Financial records and communications demonstrating the misappropriation of funds and coordination between Defendants.
2. Testimony and documentation evidence retaliatory actions against Plaintiff.
3. Records of fabricated allegations and weaponized judicial processes targeting Plaintiff.
4. Procedural violations during unlawful search and seizure.

Relief Sought:

1. Treble damages as provided under the RICO statute for the injuries sustained.

2. Injunctive relief to prevent further racketeering activities and ensure compliance with federal law.
3. Restitution for damages caused by Defendants' racketeering activities.

## RESERVATION OF RIGHTS

Plaintiff expressly reserves the right to amend this Complaint pursuant to **Federal Rule of Civil Procedure 15(a)** to include additional claims, causes of action, or defendants as discovery progresses and further evidence or information becomes available. This reservation encompasses, but is not limited to, the inclusion of claims arising from violations of federal or state laws, constitutional protections, or other applicable legal standards that may be discovered during litigation.

Plaintiff's inclusion of specific allegations and claims herein does not constitute a waiver of any other claims, rights, or remedies available under the law. This includes but is not limited to claims against:

- Currently named Defendants for any additional unlawful acts discovered through the litigation process.
- Third parties whose actions or omissions may be found to have contributed to the harms alleged herein.

Furthermore, Plaintiff reserves the right to seek joinder or substitution of additional parties under **Federal Rule of Civil Procedure 19 or Rule 20,** as appropriate, if further evidence demonstrates their involvement in the acts or omissions giving rise to Plaintiff's claims.

This Reservation of Rights is made to ensure full compliance with the principles of due process and to preserve Plaintiff's ability to secure complete and appropriate relief for the injuries and constitutional violations alleged.

## RELIEF SOUGHT

Wherefore, Plaintiff respectfully requests that this Court:

1. **Declaratory Relief:**
   o Declare that Defendants' actions violated Plaintiff's constitutional and statutory rights under federal and state law.
2. **Injunctive Relief:**
   o Enjoin Defendants from further retaliatory or unlawful actions against Plaintiff.
   o Mandate compliance with Iowa Code Chapter 229 and constitutional safeguards in similar proceedings.
3. **Compensatory Damages:**
   o Award damages for physical, emotional, and reputational harm caused by Defendants' actions.
4. **Punitive Damages:**
   o Impose punitive damages to deter future violations of constitutional rights.

5. **Treble Damages**:
   o Award treble damages under conspiracy statutes for egregious misconduct.
6. **Attorneys' Fees and Costs**:
   o Award Plaintiff reasonable costs and expenses incurred in pursuing this action.
7. **Further Relief**:
   o Grant such other relief as the Court deems just and proper to ensure justice is served.

## ATTACHMENT OF COUNSEL

Plaintiff seeks to retain legal counsel and reserves the right to have counsel formally attached to this action at any stage of the proceedings in accordance with **Federal Rule of Civil Procedure 11(a)** and **28 U.S.C. § 1654**, which affirm the right of parties to prosecute or defend their case either personally or through counsel.

In the event counsel is retained, Plaintiff respectfully requests the Court to provide all necessary accommodations for the transition, including but not limited to:

1. Allowing reasonable time for new counsel to file a notice of appearance and, if necessary, to amend pleadings, motions, or other filings under **Federal Rule of Civil Procedure 15(a)**.
2. Permitting a review and potential adjustment of scheduling orders under **Federal Rule of Civil Procedure 16(b)(4)**, if needed, to ensure adequate preparation and fair representation.
3. Ensuring all communications, orders, and procedural requirements are directed appropriately to newly retained counsel upon their formal entry of appearance in this matter.

This provision safeguards Plaintiff's constitutional right to representation and ensures the fair and efficient administration of justice throughout the litigation process. Plaintiff asserts this right without prejudice to their ability to proceed pro se until such representation is formally established.

## CONTACT INFORMATION

Austin-Andrew: Goodman
C/O 1075 Melrose Terrace
Dubuque, Iowa [52001]
Non-Domestic, Without the UNITED STATES
Austin@aagoodman.com
773-426-5142

**Respectfully submitted,**

**Autograph:**
**UCC 1-308**
**WITHOUT PREJUDICE**

_Austin-Andrew: Goodman, Private Beneficiary_

Austin-Andrew: Goodman, The Living Man, Private Beneficiary
**Date:** December 4th, 2024

**STATE OF**
**COUNTY OF**

On this 4th day of Dec , **2024**, before me, the undersigned, a Notary Public in and for said County and State, personally appeared **Austin-Andrew: Goodman,** The Living Man, known to me (or satisfactorily proven) to be the individual whose name is subscribed to the foregoing document, and acknowledged that he executed the same for the purposes therein contained.

**Witness my hand and official seal.**

KAREN M HOWLETT
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19974005027
MY COMMISSION EXPIRES 09-27-2025

# HOC EST ENIM CORPUS MEUM

# LEX INIUSTA NON EST LEX